OPINION
LUTTIG, Circuit Judge.
Appellant Sharin Brown was severely injured when she lost control of her 1991 Ford Ranger pickup truck and it rolled several times. Brown sued appellee Ford Motor Company for breach of implied warranty and negligent design arising out of Ford’s design, manufacture, and marketing of the Ranger. A jury rendered verdict in favor of Ford and Brown appeals, contending that the district court violated Va.Code Ann. § 46.2-1094(D) when it permitted Ford to introduce evidence that she was not wearing her seat belt at the time of the accident. For the reasons that follow, we affirm.
I.
Brown was driving her 1991 Ford Ranger pickup truck on a stretch of road in Suffolk, Virginia, when she encountered loose gravel that caused her to lose control of her truck. The truck slid and rolled several times. Brown was ejected and sustained severe injuries.
Brown subsequently filed suit in the Eastern District of Virginia, alleging that Ford was liable for her injuries, in both contract and tort. J.A. 24-28. Shortly before trial, Brown and Ford filed competing motions in limine to determine the admissibility of evidence of seat belt non-use under Virginia statute. See Va.Code Ann. § 46.2-1094(D). After oral argument on the motions, the magistrate judge ruled that the jury could consider'Brown’s failure to wear her seat belt, but only in its consideration of the following issues:
*41 Whether the truck, taken as a whole, was designed negligently,
Whether the defect alleged by the plaintiff was the proximate cause of the injury to the plaintiff or whether any failure to use a seat belt was the proximate cause of the injury,
Whether the plaintiff misused the product.
J.A. 37. Brown filed a written objection to the magistrate judge’s ruling, which was overruled by the district court. J.A. 79-80.
At trial, Brown was the first to raise the issue of seat belt use, responding during her cross-examination that she habitually wore her seat belt. J.A. 129. David Brown, appellant’s husband, testified to the same during his direct examination. Thereafter, Ford, in presenting its case, elicited testimony from both the investigating officer and an expert witness that Brown was unrestrained at the time of the accident in question. J.A. 137-38,192. In closing argument, Ford’s counsel emphasized on several occasions that “[i]f Mrs. Brown had been belted in her seat she would not have been injured or ejected.” J.A. 268, 283, 286.
At the conclusion of trial, the district court instructed the jury that it could consider evidence of seat belt nonuse in determining whether Ford “negligently designed the motor vehicle” and “in whether the motor vehicle as manufactured and sold was reasonably safe when used for its intended purpose and also in determining whether the plaintiff misused the motor vehicle.” J.A. 255. The district court cautioned the jury, however, that it could not find Brown eontributorily negligent based upon a finding that she had not been wearing her seat belt. J.A. 255.
The jury returned a verdict in Ford’s favor on Brown’s claims of negligent design and breach of warranty. J.A. 301. Brown then filed a motion seeking a new trial, maintaining, inter alia, that the district court’s limited admission of evidence of seat belt nonuse contravened section 46.2-1094(D) of the Virginia Code. The motion for a new trial was denied, and this appeal followed. J.A. 317.
II.
This case arises under our diversity jurisdiction, and we are therefore obliged, under Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to apply state substantive law and federal procedural law. Brown argues on appeal, as she did below, that section 46.2-1094(D) of the Virginia Code is a substantive provision of law that mandates that evidence of seat belt nonuse is inadmissible for any purpose. Ford, on the other hand, argues that section 46.2-1094(D) is a procedural provision only. We find it unnecessary to resolve whether section 46.2-1094 is substantive or procedural, however, because we hold that section 46.2-1094 did not bar Ford from presenting evidence at trial merely that Brown was not wearing her seat belt at the time of the accident.
Section 46.2-1094(A) of the Virginia Code requires every person who is at least 16 years of age and who occupies the front seat of a motor vehicle “to wear the appropriate safety system at all times while the motor vehicle is in motion on any public highway.” Va.Code Ann. § 46.2-1094(A). Section 46.2-1094(0 subjects any person “who violates this section ... to a civil penalty of twenty-five dollars.” Id. § 46.2-1094(0. Section 46.2-1094(D), with which we are concerned here, in turn provides that,
[a] violation of this section shall not constitute negligence, be considered in mitigation of damages of whatever nature, be admissible in evidence or be the subject of comment by counsel in any *42 action for the recovery of damages arising out of the operation, ownership, or maintenance of a motor vehicle, nor shall anything in this section change any existing law, rule or procedure pertaining to any such civil action.
Id. (emphasis added).
Neither the first nor the second clause of section 46.2-1094(D) is implicated in the case before us. As noted, the district court expressly instructed the jury that it could not find Brown contributorily negligent based upon a finding that she had not been wearing her seat belt at the time of the accident. J.A. 255. Thus; the jury was not permitted to find Brown negligent based upon a “violation of [section 46.2-1094],” however this phrase is construed. Moreover, the district comb did not permit the jury to consider the evidence of Brown’s seat belt nonuse on an issue of whether Brown’s injuries would have been less serious had she been wearing her seat belt; rather, the district court permitted consideration of seat belt nonuse only on the questions of whether thé overall safety system of the Ford Ranger was defectively or negligently designed. Thus, neither was “a violation of [section 46.2-1094]”— again, however this phrase is construed'— “considered in mitigation of damages.”
The only question before us is whether “[a] violation of [section 46.2-1094]” was impermissibly “admitted] in evidence” or allowed to be “the subject of comment by counsel” within the meaning of section 46.2- 1094(D) when the district court allowed Ford to introduce its contested evidence of Brown’s seat belt nonuse. Although we, like the district court, are without reported cases construing section 46.2- 1094 from the Commonwealth to aid in our interpretation, we are satisfied that it was not.
We acknowledge that the phrase “[a] violation of [section 46.2-1094]” in section 46.2- 1094(D) may plausibly be construed to refer to the underlying conduct that is proscribed by section 46.2-1094—namely, the nonuse of a seat belt while a motor vehicle is in motion. That is, we do not think it unreasonable to read section 46.2-1094(D) as prohibiting admission or comment by counsel upon mere evidence of seat belt nonuse, as appellant argues the section should be read. On balance, however, we are convinced that the better interpretation of this phrase is as a reference to an official determination that the provision has been violated, such as a law enforcement officer’s citation for seat belt nonuse (or at least his conclusion to that effect) or a formal administrative or judicial finding of nonuse. We therefore believe that section 46.2-1094(D) as a whole is most appropriately understood as forbidding only the admission into evidence or comment upon such an official determination that the section was violated, and at most as forbidding admission of or comment upon evidence that would be sufficient to establish all of the elements of a violation of the section. Because section 46.2- 1094 does not categorically prohibit seat belt nonuse by all persons under all circumstances, but, rather, prohibits non-use only by specified persons in specified circumstances, see Va.Code Ann. § 46.2-1094(A) (requiring seat belt use only by persons over age sixteen who are in the front seat of a vehicle moving on a public highway); id. at § 46.2-1094(B) (exempting eight classes of persons from the statute), evidence of mere seat belt nonuse, in and of itself, in no sense at all constitutes evidence of “a violation” of the statute.
Not only is this understanding of section 46.2- 1094(D) most consonant with the plain language enacted by the state legislature, but its correctness is confirmed by a reading of the Commonwealth’s statutes in pari materia. When the Virginia legisla *43 ture has intended to prohibit the admission into evidence of mere seat belt nonuse, either generally or for specific purposes, it has done so plainly and unequivocally in terms that not only unmistakably capture that intent, but also distinguish that intent from the different intent that we conclude is evident in section 46.2-1094(D). Perhaps most notable in this regard is Va.Code § 46.2-1092, which limits the purposes for which evidence of seat belt nonuse after installation may be used. In that statute, for example, the legislature specifically identified seat belt nonuse as that which may not be considered, providing as follows:
Failure to use the safety lap belts or a combination of lap belts and shoulder harnesses after installation shall not be deemed to be negligence. Nor shall evidence of such nonuse of such devices be considered in mitigation of damages of whatever nature.
(Emphasis added).[1] Given the striking substantive, textual, and structural parallels between this section and section 46.2-1094(D), the legislature’s different word choice in the later-enacted section 46.2-1094(D) must be regarded as significant. See, e.g., 2A N. Singer, Statutes and Statutory Construction § 46.06 (6th ed.2000) (noting that use of different “terms within related statutes generally implies that different meanings were intended”). If the legislature had intended in section 46.2-1094 to forbid admission of any and all evidence of seat belt nonuse, we must assume that it would have invoked language to the effect of that employed in section 46.2-1092, if not that language precisely.
The dissent finds convincing as to the meaning of the phrase “a violation of this section” the implied distinction between a “citation” and “a violation of this section” found in Va.Code § 46.2-1094(F). Even absent Va.Code § 46.2-1092, we would not subscribe to this admitted distinction the significance that the dissent does because, among other reasons, an official determination of a violation always precedes the issuance of a citation for that determined violation. Even more importantly, however, unlike Va.Code § 46.2-1092, which is virtually identical in all relevant respects to Va.Code § 46.2-1094(D), Va.Code § 46.2-1094(F) is not substantively, textually, or structurally like Va.Code § 46.2-1094(D), and consequently is a comparatively poor provision from which to infer the legislature’s intent as to section 46.2-1094(D).
Accordingly, because Ford’s evidence of Brown’s nonuse of her seat belt did not, in and of itself, constitute evidence of “a violation of [section 46.2-1094],”[2] the district court’s admission into evidence of that evi *44 dence did not contravene section 46.2-1094(D). The judgment of the district court therefore is affirmed.[3]

AFFIRMED.

. Other states have similarly enacted statutes that unequivocally bar evidence of seat belt nonuse, rather than premising inadmissibility on a "violation” of statute. See, e.g., Conn. Gen.Stat.Ann. § 14-100A ("Failure to wear a seat safety belt shall not be considered as contributory negligence nor shall such failure be admissible evidence in any civil action.”); Kan.Stat.Ann. § 8-2504 ("Evidence of failure of any person to use a safety belt shall not be admissible in any action for the purpose of determining any aspect of comparative negligence or mitigation of damages.”); Okla.Stat. Ann. § 12-420 ("[T]he use or nonuse of seat belts shall not be submitted into evidence in any civil suit in Oklahoma.”).

. We believe that the dissent simply must indulge in too much inference and appellate trial of the case to reach definitively the conclusion that evidence was in fact introduced that would establish each and every element of the offense to the satisfaction of the jury. It bears noting that the ultimate question here is not whether it is fair to believe that these elements could have been proven, but, rather, whether, as a technical matter of law, evidence to prove every element of the offense was in fact properly introduced. This, we are confident, cannot be said.

. Brown also argues on appeal that the district court abused its discretion when it denied Brown’s request to clarify that her traffic offenses arising out of the accident were later dismissed. Although Ford was the first party to mention the charges during opening argument, it did so because they were included within a police accident report that was a stipulated exhibit. Even if Ford's statement about the charges was improper, the district court offered to provide a curative instruction, an offer that Brown ultimately declined. It also ordered the parties to submit a redacted version of the exhibit. Given these actions by the district court, we cannot conclude that the court abuses its discretion in denying Brown's request to clarify the disposition o£ her traffic charges.